**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 15, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

————————

## NO. 14-11-00904-CV

————————

## IN RE VENUS FORD OF CUDAHY, INC., FORD MOTOR COMPANY and FORD INTERNATIONAL CAPITAL LLC f/k/a FORD INVESTMENT ENTERPRISES CORP., Relators

---

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
### 215th District Court
### Harris County, Texas
### Trial Court Cause No. 2008-71227

---

## M E M O R A N D U M   O P I N I O N

On October 14, 2011, relators, Venus Ford of Cudahy, Inc., Ford Motor Company, and Ford International Capital LLC f/k/a Ford Investment Enterprises Corp., filed a petition for writ of mandamus. *See* Tex. Gov't Code § 22.221. Relators ask this court to order the respondent, the Honorable Steven E. Kirkland, presiding judge of the 215th District Court of Harris County, Texas, to set aside his October 5, 2011, discovery order, entered in trial court cause number 2008-71227, styled *Dealer Computer Services, Inc. v. Ford Motor Company and Ford Investment Enterprise Corporation a/k/a FIECO.*

Relators claim that the trial court abused its discretion in requiring two privileged documents to be produced. Relators also filed a motion for a temporary stay of the trial court's discovery order, which this court granted. *See* Tex. R. App. P. 52.8(b), 52.10.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

Relators have not established that they are entitled to extraordinary relief. *See Boring & Tunneling Co. of Am., Inc. v. Salazar,* 782 S.W.2d 284, 288 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding) (if conflicting evidence is presented on whether the attorney-client privilege applies, the trial court's decision is conclusive on mandamus review); *see also In re ExxonMobil Corp.,* 97 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (finding no abuse of discretion where trial court resolved factual disputes and relator did not establish that trial court could reasonably have reached only a decision in its favor). Accordingly, we deny relator's petition for writ of mandamus. We lift the stay granted in our October 18, 2011, order.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.